UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CORELINK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>E&N SURGICAL, LLC,<br><br>Defendant.<br><br>Serve:<br>The Company Corporation<br>251 Little Falls Drive<br>Wilmington, DE 19808 | ) | Case No. 4:19-cv-3233 |

**CORELINK, LLC'S COMPLAINT**

CoreLink, LLC ("CoreLink"), by its undersigned attorneys, as and for its Complaint against Defendant, E&N Surgical, LLC ("E&N Surgical"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. CoreLink is a Missouri limited liability company with its principal place of business located at 2072 Fenton Logistics Park, St. Louis, Missouri 63026. Accordingly, CoreLink is a citizen of Missouri.

2. E&N Surgical is a Delaware limited liability company with its principal place of business located at 7 Butternut Ln., Berlin, CT 06037.

3. This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332(a)(1) because CoreLink is a citizen of Missouri, Defendant is a citizen of Delaware and Connecticut, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. This Court further has jurisdiction, and venue is proper, because the parties consented to jurisdiction and venue in Section 7.2 of the Distributor Agreement and Section 9.2 of the Independent Distribution Agreement.

## GENERAL ALLEGATIONS

5. CoreLink is a manufacturer and supplier of surgical instruments and implants.

6. Defendant and CoreLink entered into a Distributor Agreement under which Defendant agreed to sell CoreLink's medical devices within a certain territory. A true and accurate copy of the Distributor Agreement is attached hereto as Exhibit 1.

7. Under the Distributor Agreement, Defendant agreed to remit payment for purchases within thirty (30) calendar days from the invoice date.

8. Pursuant to the Distributor Agreement, beginning in September 2018, Defendant has ordered inventory from CoreLink by issuing purchase orders. CoreLink then sent Defendant invoices for the inventory.

9. Specifically, Defendant ordered inventory from CoreLink and CoreLink sent invoices for the same on September 18, 2018, and throughout September 2018 to November 2018. The total of the invoices is $188,000.00. A true and accurate copy of the statement reflecting each invoice is attached hereto as Exhibit 2 and incorporated herein by reference.

10. Defendant has not paid any of the invoices when they were due in violation of Section 2.2 of the Distributor Agreement. Nor has Defendant returned the surgical instruments and implants.

11. David Ford, the Chief Executive Officer for Defendant, emailed CoreLink on January 8, 2019 in response to a demand for payment from CoreLink, and agreed to send payment for the amounts ninety days past due within twenty days. A true and accurate copy of

the email summarizing that agreement is attached hereto as Exhibit 3 and incorporated by reference herein.

12. Defendant did not make the payment as promised.

13. In addition to the Distributor Agreement, Defendant and CoreLink entered into an Independent Distribution Agreement, under which Defendant would promote CoreLink's products and solicit sales in return for a commission. A true and accurate copy of the Independent Distribution Agreement is attached hereto as Exhibit 4 and incorporated herein by reference.

14. Pursuant to the Independent Distribution Agreement, Defendant reported $91,000 in sales to CoreLink, on which CoreLink paid Defendant $36,400 in commissions.

15. Defendant did not remit payment for the sales to CoreLink, or return the commission payments, in violation of Section 5.3 of the Independent Distribution Agreement.

16. On June 26, 2019, counsel for CoreLink sent Defendant a letter demanding payment of the $224,400.00 owed by Defendant pursuant to the invoices and unreturned commission payments.

17. As of the filing of this Complaint, Defendant has failed and refused to pay the amounts due and owing to CoreLink.

**COUNT I – BREACH OF CONTRACT**

**(Distributor Agreement)**

18. CoreLink incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 17 of this Complaint.

19. CoreLink and Defendant entered into a valid and enforceable Distributor Agreement for the purchase of certain surgical instruments and implants.

20. At the time of the execution of the Distributor Agreement there was an offer, acceptance, and an agreement between the parties as to all essential terms of the agreement.

21. The Distributor Agreement was supported by valuable consideration.

22. CoreLink supplied the surgical instruments and implants as required by the Distributor Agreement.

23. Defendant failed and refused to pay CoreLink for the surgical instruments and implants per the terms of the Distributor Agreement.

24. CoreLink has made multiple demands for payment from the Defendant.

25. Defendant refused and continues to refuse to pay CoreLink the amounts due under the Distributor Agreement.

26. Defendant's failure to pay CoreLink is a material breach of the Distributor Agreement.

27. CoreLink has fully performed its obligations under the Distributor Agreement, and any conditions precedent to final payment and performance by Defendant have occurred.

28. As a direct and proximate result of Defendant's breach, CoreLink has been damaged in the amount of $188,000.00.

**COUNT II – BREACH OF CONTRACT**

**(Independent Distribution Agreement)**

29. CoreLink incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 28 of this Complaint.

30. CoreLink and Defendant entered into a valid and enforceable Independent Distribution Agreement for the promotion and solicitation of sales of medical devices.

31. At the time of the execution of the Independent Distribution Agreement there was an offer, acceptance, and an agreement between the parties as to all essential terms of the agreement.

32. The Independent Distribution Agreement was supported by valuable consideration.

33. CoreLink paid commissions to Defendant as required by the Independent Distribution Agreement.

34. Defendant failed and refused to remit to CoreLink the sale amounts on which the commissions were based, or to return the commissions, per the terms of the Independent Distribution Agreement.

35. CoreLink has made multiple demands for payment from the Defendant.

36. Defendant refused and continues to refuse to pay CoreLink the amounts due under the Independent Distribution Agreement.

37. Defendant's failure to remit payments to CoreLink or return the commissions is a material breach of the Independent Distribution Agreement.

38. CoreLink has fully performed its obligations under the Independent Distribution Agreement, and any conditions precedent to final payment and performance by Defendant have occurred.

39. As a direct and proximate result of Defendant's breach, CoreLink has been damaged in the amount of $36,400.00.

**COUNT III – UNJUST ENRICHMENT**

40. CoreLink incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 39 of this Complaint.

41. CoreLink provided Defendant with medical devices and commissions.

42. CoreLink conferred a benefit upon Defendant by providing these medical devices and commissions.

43. Defendant has knowledge of this benefit as it accepted the products and commissions.

44. Defendant retained the benefit by accepting and either using or refusing to return the products and commissions.

45. Defendant has not paid CoreLink for the medical devices nor has Defendant remitted the sale amounts to CoreLink on which the commissions were based or returned the commissions.

46. Under the circumstances, it would be inequitable for Defendant to retain the benefit of the medical devices and commissions in light of Defendant's failure and refusal to compensate CoreLink for the same.

47. As a direct and proximate result of Defendant's conduct, CoreLink has suffered damages in the amount of $224,400.00.

WHEREFORE Plaintiff CoreLink, LLC respectfully requests that this Court enter judgment in its favor and against Defendant E&N Surgical, LLC, in the amount of $224,400.00 together with attorneys' fees, costs, pre and post judgment interest, and for any additional relief as this Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By: */s/ Elise N. Puma*
Daniel C. Cox, #38902MO
Elise N. Puma, #68336MO
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
dcox@thompsoncoburn.com
epuma@thompsoncoburn.com

*Attorneys for Plaintiff CoreLink, LLC*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

CORELINK, LLC
*Plaintiff*

v.

E&N Surgical, LLC
*Defendant*

Civil Action No. 4:19-cv-3233

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

E&N Surgical, LLC
7 Butternut Ln.
Berlin, CT 06037

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel C. Cox
Elise N. Puma
Thompson Coburn, LLP
505 N. 7th St.
One US Bank Plaza
St. Louis, MO 63101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* E&N Surgical, LLC
was received by me on *(date)* ______________ .

❐ I personally served the summons on the individual at *(place)* ______________
______________ on *(date)* ______________ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* ______________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________ on *(date)* ______________ ; or

❐ I returned the summons unexecuted because ______________ ; or

❐ Other *(specify)*:
.

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________
*Server's signature*

______________
*Printed name and title*

______________
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CORELINK, LLC
____________________, )
Plaintiff (s), )
)
v. ) Case No. 4:19-cv-3233
)
)
E&N SURGICAL, LLC
____________________, )
Defendant(s). )

NOTICE OF INTENT TO USE
PROCESS SERVER

Comes now Plaintiff and notifies the court of the intent to use
(Plaintiff or Defendant)

Nicoletti & Harris
(name and address of process server)
101 Avenue of the Americas
New York, NY 10013

To serve: E&N SURGICAL, LLC in the
(name of defendants to be served by this process server)

above-styled cause. The process server listed above possesses the requirements as stated in Rule 4 of the Federal Rules of Civil Procedure.

The undersigned affirms the information provided above is true and correct.

12/10/2019
(date)

/s/Elise N. Puma
(attorney for Plaintiff)

____________________
(attorney for Defendant)