UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORELINK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19 CV 3233 JMB |
| ) | |
| E&N SURGICAL, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Ronald J. Eisenberg and Robert Schultz's Motion to Withdraw as Counsel for Defendant. (ECF No. 26) The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On December 10, 2019, Plaintiff Corelink, LLC ("Plaintiff") filed this action against Defendant E&N Surgical, LLC ("Defendant"), alleging breach of contract and unjust enrichment. (ECF No. 1) On April 21, 2020, the Court granted the parties' request to modify the Case Management Order and stay all deadlines so that they could attempt to resolve this matter through alternative dispute resolution. The parties filed periodic status reports on August 31 and December 20, 2020, and March 17, 2021, informing the Court of their continued efforts toward resolution of this matter.

On May 25, 2021, Defendant's attorneys filed a motion to withdraw as attorney, citing Defendant's repeated failure "to honor the written terms of engagement with its counsel, despite having been given warnings of a withdrawal motion" and to respond to counsel's communications. (ECF No. 26) Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client.

- 1 -

A corporation or a limited liability company may not proceed pro se in this District because such artificial entities can only act through agents and must be represented by counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (artificial entities may appear in federal courts only through licensed attorneys); Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996).  If the Court granted the motion to withdraw, Defendant would be a pro se litigant in this Court.

Because Defendant is a corporation that cannot appear pro se, Defendant must secure new counsel, or it could be subject to a default judgment.  See Ackra Direct, 86 F.3d at 856-57 (corporation was technically in default as of the time its counsel withdrew).  "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 2014 WL 3805493, at *1 (E.D.Mo. Aug. 1, 2014) (quoting R. Maganlal & Co. v. M.G. Chem. Co., Inc., 1996 WL 715526, at *2 (S.D.N.Y. Dec. 12, 1996)); Ackra Direct, 86 F.3d at 856-57 (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se).  Defendant cannot file any papers or motions in this case except through a licensed attorney.

Finally, while the Court understands counsels concerns, according to the Rules of Professional Conduct of the Supreme Court of Missouri adopted by this Court, see E.D. Mo. L.R. 12.02, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if good cause for withdrawal exists.  See Missouri Supreme Court Rule of Professional Conduct ("R. Prof. Conduct") 4-1.16(b).  Further, "a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation."  R. Prof. Conduct 4-

- 2 -

1.16(c).  At present, the Court does not believe that withdrawal can be accomplished without a material adverse effect on Defendant's interests.

Therefore, the Court will defer ruling on the motion to withdraw for a period of thirty days from the date of this order to allow Defendant time to obtain substitute counsel.  If Defendant fails to obtain substitute counsel with the time allowed, the Court will consider the merits of the motion to withdraw.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall obtain new counsel and Defendant's substitute counsel shall enter an appearance no later than June 25, 2021.

**IT IS FURTHER ORDERED** that upon entry of substitute counsel for Defendant, the Court will issue an order granting the motion of Ronald J. Eisenberg and Robert Schultz's to withdraw from their representation of Defendant [ECF No. 26].

**IT IS FURTHER ORDERED** that Ronald J. Eisenberg and Robert Schultz shall provide a copy of this Memorandum and Order to Defendant via first class mail, postage prepaid and via email, and file a notice with the Court certifying that they have done so.

Failure to comply with this Order may result in a default judgment being entered against Defendant.

Dated this 26th day of May, 2021

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE